■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered September 5, 1990, convicting him of sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of the trial there was evidence that the perpetrator spoke with a Jamaican accent. At the conclusion of the defendant's case, the defendant attempted to call his brother-in-law to the stand to testify that in his opinion the defendant does not speak with a Jamaican accent. The court denied the request on the grounds that (1) the defendant's brother-in-law had attended the full trial despite defense counsel's assurance that no prospective witnesses were seated in the audience, and (2) he could not be qualified as an expert witness in linguistics.

Inasmuch as the complainant did not rely on voice identification and considering that the defendant's brother-in-law is not an expert in linguistics, the court committed no error in precluding the defendant's brother-in-law from testifying that the defendant did not speak with a Jamaican accent (see, People v Scarola, 71 NY2d 769, 778). In any event, even an erroneous preclusion would have been harmless, in light of the complainant's detailed description of the defendant's appearance and of the incident itself, her unequivocal in-court identification, and the proximity and duration of her observation of the defendant under good lighting conditions during the abduction and commission of the crime (see, People v Crimmins, 36 NY2d 230).

The sentence imposed was neither harsh nor excessive under the circumstances (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.